Insular Motor Corporation, Petitioner, v. District Court of San Juan, Respondent.

No. 716. Argued May 19, 1930.—Decided June 5, 1930.

*William Guzmán* for petitioner.    *Oscar Souffront* for claimant.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

In the present case the Insular Motor Corporation brought an action in the District Court of San Juan against Hipólito López and Monserrate Camacho on certain promissory notes, and to secure the effectiveness of the judgment it obtained a writ of attachment on property of the defendants located in Mayagüez, subject to the filing of a bond in the amount of one thousand dollars. The bond having been furnished, a

writ was issued directed to the marshal of the District Court of Mayagüez, who executed it by levying upon every right, title or interest which the defendants might have in a Graham Paige automobile and in another car of the Buick make.

In this situation, Pedro M. Nieva appeared before the marshal of the District of Mayagüez and submitted an affidavit stating that the affiant was the sole owner of the Buick car which had been attached and, upon his furnishing a bond for double the value of the vehicle, the marshal delivered it to him.

That officer then forwarded said affidavit of Nieva and the bond to the District Court of San Juan, and thereupon Nieva filed in the said court a motion for a change of venue in the intervention proceedings to the District Court of Mayagüez, invoking section 8 of the act regulating such proceedings. An opposition was set up by the plaintiff in the main action based also on the same statute, and the court decided the motion in favor of the claimant. The plaintiff then instituted in this court the present certiorari proceeding. The writ was issued and the interested parties filed their briefs.

Section 17 of the act to provide for the trial to the right of property where claimed by a third person says:

"The court from which the writ issued shall have jurisdiction of the action for the trial of the right to property."

And section 18 provides that—

"The court having jurisdiction in cases which caused the issuance of the writ that gave rise to the third party's claim shall also take cognizance of the action brought by a third party."

If these were the only statutory provisions, the petitioner would be right. But there are also sections 8 and 9, which provide:

"Section 8.—Whenever any person shall claim movable property and shall make the oath and give the bond as provided for herein, if the writ under which such levy was made was issued by a court

of another district than that in which such levy was made, then the officer receiving such oath and bond shall indorse on such bond the value of the property as assessed by himself, and shall forthwith return such bond and oath, with a copy of the writ, to the court of the district in which such levy was made having jurisdiction as hereinafter provided.

"Section 9.—The marshal or other officer taking such bond shall also indorse on the original writ that such claim has been made and bond given, stating by whom, the names of the sureties and to what court the bond has been returned; and he shall forthwith return such original writ to the court from which it is issued."

The above sections refer to the special case where the court having jurisdiction of the action in which the writ has been issued does not attach property located within its district but outside such district.

It is true that those sections do not specifically provide that the district court of the district where the attachment has been levied is the proper one to take cognizance of an intervention proceeding, and that the concluding words of section 8, "having jurisdiction as hereinafter provided," create some confusion, because what the act really thereafter provides is what we have already stated, to wit: that cognizance corresponds to the court having jurisdiction of the action in which the attachment has been issued. But, why should the law provide that "the officer receiving such oath and bond shall indorse on such bond the value of the property as assessed by himself, *and shall forthwith return such bond and oath, with a copy of the writ, to the court of the district in which such levy was made,*" unless it be for the purpose of designating such a court as the one to take cognizance of the intervention proceeding?

A careful consideration of the two sections shows that they make full provision for every step to be taken in the special case to which they refer, thus: An action having been brought in district A, the plaintiff, to secure the effectiveness of the judgment, applies for an attachment to be levied on

property of the defendant located in district B. The court grants the application subject to the filing of a bond, where proper, and the plaintiff furnishes the required security. Thereupon a writ of attachment is issued directed to the marshal of district B who levies upon property designated by the plaintiff as belonging to the defendant. A third person appears before that officer and presents an affidavit claiming that the attached property belongs to him. The marshal assesses the property and delivers it to the claimant, upon the latter furnishing a bond for twice its assessed value.

What does the marshal do then? He immediately forwards the bond, the affidavit and a copy of the writ of attachment to the court of the district where the attachment was levied, that is, the court of district B, and notes upon the back of the original writ the fact that a claim has been made by a third person, under oath, and a bond furnished, stating the names of the claimant, of the sureties and of the court, to which the bond has been sent, and he forthwith returns the original writ to the court where it was issued, that is, the court of district A, which is thereby advised of what has taken place.

It would seem logical that an intervention proceeding in attachment should ordinarily be heard in the same court in which the main action is being prosecuted; hence sections 17 and 18 of the statute. And such is the venue where the property levied upon, which is claimed by a third person, is located in the same district. If located in another district, there arises then the special case regulated by sections 8 and 9 of the statute.

Upon considering the act as a whole, it will be seen that the said proceeding constitutes a separate action and is determined quite independently of the suit in which the attachment originated. Hence there is nothing to prevent a court other than the one where the writ of attachment issued from taking cognizance of such proceeding.

By reason of all the foregoing, the writ issued herein must be discharged and the record returned to the District Court of San Juan.

MR. JUSTICE TEXIDOR, dissenting.

I dissent from the majority opinion, because I think that section 18 of the act to provide for the trial of the right to property attached or levied on vests the jurisdiction of such intervention proceeding in the court taking cognizance of the action wherein the order to which the said proceeding referred was made. If the order whose execution gave rise to the intervention proceeding involved herein was made by the District Court of San Juan, with jurisdiction of the main action, that court is the proper court to determine such proceeding.

For this reason it is my opinion that the petition in certiorari herein should be granted.